IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KRALOVIC, | ) | CASE NO.: 1:14 CV 758 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| JP MORGAN CHASE BANK, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | <u>AND ORDER</u> |
| | ) | |

This matter is before the Court on Defendant Select Portfolio Servicing, Inc.'s Motion to Dismiss (ECF #27), and Defendant U.S. Bank N.A.'s Motion to Dismiss (ECF #35). Plaintiff filed a Memorandum in Opposition to both motions, and the Defendants each filed a Reply in support of their own motion. (ECF # 31, 38, 40, 33). After careful consideration of the briefs and a review of all relevant authority, the Court finds that Defendants' Motion to Dismiss should be GRANTED in part and DENIED in part.

## FACTUAL AND PROCEDURAL OVERVIEW[1]

On July 10, 2014, Judith Kralovic, as executor of the estate of Raymond Kralovic filed a First Amended Complaint seeking money damages against JP Morgan Chase Bank, N.A. ("Chase Bank"), Select Portfolio Servicing, Inc. ("SPS"), and U.S. Bank, N.A., Successor Trustee to Bank of America, N.A., Successor in Interest to LaSalle Bank, N.A., on Behalf of the Holders of the WAMU Mortgage Pass-Through Certificates, Series 2007-HY3 ("US Bank"). Plaintiff claims that Chase and SPS both violated provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601, *et seq.*; that Chase and US Bank violated provisions of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*. In addition, Plaintiff seeks a declaration as to which entity is the legitimate holder of the Note at issue in this case.

Plaintiff is the estate of Raymond C. Kralovic. Mr. Kralovic executed a Mortgage and promissory Note in March of 2007 to finance a residential property located in Chardon, Ohio. His wife, Judith Kralovic, the executor of his estate, has an interest in the property and signed the Mortgage, but not the note financing the property. Following Mr. Kralovic's death, Mrs. Kralovic sent letters, purporting to be qualified written requests under RESPA, 12 U.S.C. § 2605(e)(1)(B), to Chase and SPS. Plaintiff contends that US Bank (through its agent SPS) and Chase failed to provide the requested information, failed to identify the master servicer, and misidentified the investor, all in violation of the Truth in Lending Act. Further, Plaintiff claims that Chase and SPS violated RESPA, 12 U.S.C. § 2605(e)(2) by, among other things, failing to

---

[1] The facts as stated in this Memorandum and Order are taken from the Complaint and should not be construed as findings of this Court. In a motion to dismiss, the Court is obligated, для the purposes of that motion, to accept as true the facts set forth by the non-moving party, in this case, the Plaintiff.

correct Plaintiff's account, failing to conduct a proper and thorough investigation in responding to Plaintiff's requests, by failing to provide a proper written explanation showing why it believed the account to be correct or otherwise justifying charges to the account, by failing to identify the master servicer, and by failing to correctly identify the owner of Plaintiff's loan. Further, Plaintiff claims that SPS violated RESPA by rejecting her attempts to arrange a short sale of the home.

In addition to the alleged TILA and RESPA violations, Plaintiff claims that SPS and US Bank breached a fiduciary duty owed to Plaintiff. Plaintiff alleges that a fiduciary relationship exists between the estate and the Defendants, that Defendants knew Mr. Kralovic passed away in December of 2013, that Plaintiff was put in a position of trust and reliance upon the information offered by the Defendants, and that she relied upon them as she would rely on an investment advisor. Chase accepted an offer of judgment in this case and agreed to pay $19,671.21 to Plaintiff to resolve the issues raised against it in the First Amended Complaint. The remaining claims against SPS and US Bank will be addressed below.

## STANDARD OF REVIEW

On a motion brought under Fed. R. Civ. P. 12(b)(6), this Court's inquiry is limited to the content of the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *See Chester County Intermediate Unit v. Pennsylvania Blue Shield*, 896 F.2d 808, 812 (3rd Cir. 1990). In evaluating a motion for dismissal under Rule 12(b)(6), the district court must "consider the pleadings and affidavits in a light most favorable to the [non-moving party]." *Jones v. City of*

*Carlisle, Ky.*, 3 F.3d. 945, 947 (6th Cir. 1993) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980)). However, though construing the complaint in favor of the non-moving party, a trial court will not accept conclusions of law or unwarranted inferences cast in the form of factual allegations. *See City of Heath, Ohio v. Ashland Oil, Inc.*, 834 F.Supp. 971, 975 (S.D. Ohio 1993). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl' Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly* at 555. In deciding a Rule 12(b)(6) motion, this Court must determine not whether the complaining party will prevail in the matter but whether it is entitled to offer evidence to support the claims made in its complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ANALYSIS

A. <u>Count One - TILA</u>

Count One of the First Amended Complaint alleges that US Bank violated its duties by failing to properly respond to a request sent by Mrs. Kralovic to SPS pursuant to 12 U.S.C. § 2605(e)(1)(B) and 15 U.S.C. § 1641(f)(2). Any failure to respond under 12 U.S.C. § 2605(e)(1)(B) would be a RESPA violation that both parties agree cannot be enforced against US Bank as the purported owner, rather than servicer, of the loan at issue. This leaves a potential TILA violation against US Bank for a failure to respond to the request for information under 15 U.S.C. § 1641(f)(2).

Pursuant to 15 U.S.C. § 1641(f)(2), a servicer, when requested in writing, shall provide a

consumer credit obligor, to the best of the servicer's knowledge, with the name, address, and telephone number of the owner of the obligation or the master servicer of the obligation. Although the requirement is directed at the servicer, 15 U.S.C. § 1640(a) states that "any creditor who fails to comply with any requirement imposed under this part, including . . . subsection (f) of section 1641 of this title . . . is liable" for any actual damage sustained and/or up to $4000.00 in statutory fees. Assuming, without holding, that this makes the owner of the obligation vicariously liable for a servicer's failure to identify the owner or master servicer, Plaintiff must show that US Bank was the owner of the obligation, and that SPS failed to properly identify them as such.

Plaintiff's First Amended Complaint simultaneously contends that US Bank is liable under TILA as the owner of the obligation, and that US Bank was potentially misidentified as the owner of the obligation by SPS. The letter from SPS responding to Mrs. Kralovic's request for identification of the owner of the obligation and the master servicer, which was attached to the First Amended Complaint as exhibit F, clearly identifies U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to LaSalle Bank NA, as trustee, on behalf of the holders of the WaMu Mortgage Pass-Through Certificates, Series 2007-HY3 as the owner of the account, and identifies SPS as the servicer of the account. The letter also provides a contact person, phone number, website, and several addresses for SPS in case of further questions.

If Plaintiff continues to challenge that US Bank is the owner of the note, or is otherwise unable to prove that US Bank is indeed the owner, then this claim must be dismissed because only the owner of the obligation would be liable to the obligor under TILA. If, for purposes of this opinion, we are to assume that US Bank is indeed the owner of the note, and that it is to be

held vicariously liable for SPS's omissions to the request under then it is potentially liable for a violation of 15 U.S.C. § 1641(f)(2), if SPS did not disclose the information required by TILA in its response to an obligor's request. SPS, however, was not required, as alleged by Plaintiff, to provide information relating to the "master servicer" because it did identify the owner and the actual servicer of the loan at issue. The statute requires disclosure of either the owner or master servicer but does not require both. 15 U.S.C. § 1641(f)(2).

Plaintiff has also failed to allege any actual damages suffered as a result of the missing information and therefore, damages on this potential claim are capped between $400.00 and $4000.00 in statutory damages for any technical violation resulting from an alleged failure to provide US Bank's direct contact information. The assertion that Plaintiff suffered $25,000.00 in actual damages resulting from emotional distress caused solely by SPS's failure to provide an address or phone number for US Bank fails as a matter of law. Plaintiff in this case is the estate of Mr. Kralovic. Mr. Kralovic's estate cannot, as a matter of law, have suffered emotional damages. Further, there are no allegations that Mr. Kralovic suffered emotional damages prior to his death as a result of any TILA or RESPA violation. Therefore, even the allegations that Mrs. Kralovic suffered emotional distress after her husband's death are taken as true, Mrs. Kralovic, in her individual capacity, is not a party to this action and has no individual standing to pursue damages under TILA or RESPA. In addition, the cost of mailing the initial inquiry letter is not recoverable as damages. Those costs would have been incurred whether or not the response violated TILA, as no response was required until after the initial inquiry was received.

At this juncture, Plaintiff's claim against US Bank for a violation of 15 U.S.C. § 1641(f)(2) cannot be dismissed because Plaintiff has alleged a potential technical violation

-6-

limited to SPS's failure to provide direct contact information for US Bank as the purported owner of the note. Damages on this claim, if proved, however, are limited to the statutory damages that would be available under 15 U.S.C. § 1640(a)(2)(A)(I).

B. Count Two - RESPA

In Count Two, Plaintiff asserts a RESPA claim against SPS for failure to properly respond to a Qualified Written Request under 12 U.S.C. § 2605(e)(1)(B). Defendant SPS claims that it had no obligation to answer the inquiry because it was sent by Mrs. Kralovic in her individual capacity and she had no personal right to the information. The loan was taken out in the name of Mr. Kralovic; he passed away in December of 2013. Mrs. Kralovic is the executor of his estate and had an ownership interest in the property. She submitted the inquiries under her own signature without any notation relating her position as executor of the estate. The loan number at issue was identified in the inquiry, as was the address of the property at issue.

Pursuant to 12 U.S.C. § 2605(e)(B), a qualified written request for information is a "written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that – (I) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower." The letter attached to the First Amended Complaint, purporting to be a qualified written request does identify the account of the borrower, and contained sufficient information by which SPS could identify the name of the borrower. As SPS returned the correspondence addressing many of the questions raised in

-7-

relation to the account, and addressed its correspondence to the borrower, Mr. Kralovic, it clearly was able to identify the name and account of the borrower. Further, the request included a brief statement indicating that the fees and interest payments were disputed, and specifically outlining other information requested. Therefore, the letter sent by Mrs. Kralovic satisfies the criteria for a qualified written request as set forth in 12 U.S.C. § 2605(e)(1)(B).

A servicer has an obligation to respond to a qualified written request sent by the borrower or an agent of the borrower. 12 U.S.C. § 2605(e)(1)(A). Because Mr. Kralovic, the borrower in this case, was deceased, and because Mrs. Kralovic, his next of kin and the executor of his estate sent the request, it would appear based on the facts set forth in the First Amended Complaint that the request was made by an agent of the borrower. The fact that Mrs. Kralovic did not indicate her executor status in her signature, does not mean that she did not submit the request as the agent of Mr. Kralovic and/or his estate. Further, because SPS responded to the letter, addressing Mrs. Kralovic directly and noting that the borrower was the Estate of Raymond Kralovic, it is possible that SPS was aware of Mrs. Kralovic's position as executor and/or agent of the estate. Therefore, in so far as the motion to dismiss the RESPA claims is based on a purported lack of standing, or the failure to submit a qualified written request, the motion is denied.

The remaining arguments seeking dismissal of the RESPA claim would require the Court to make factual findings that contradict the allegations in the Complaint. Determining whether the requests were specific enough to trigger a duty to respond beyond what was received from SPS, determining whether a sufficient investigation was conducted, and determining whether the fees and charges mentioned were properly documented are all questions of fact that can be better

addressed through discovery and trial. Therefore, the request to dismiss the RESPA claim against SPS is denied.

However, as set forth above in relation to the TILA claim against US Bank, the First Amended Complaint does not sufficiently state a claim for actual damages resulting from the alleged RESPA violations. Therefore, damages on this potential claim are capped at $2000.00 under 12 U.S.C. § 2605(f)(1)(B), presuming Plaintiff can prove the allegation that SPS's alleged failure to appropriately respond to the qualified written request is part of a pattern and practice of noncompliance. As set forth above, Mr. Kralovic's estate cannot, as a matter of law, have suffered emotional damages. In addition, the cost of mailing the initial inquiry letter is not recoverable as damages. Those costs would have been incurred whether or not the response violated RESPA, as no response was required until after the initial inquiry was received. Further, SPS's alleged failure to negotiate or effectuate a short sale of the property is not a violation of RESPA. Neither RESPA nor TILA requires a creditor or servicer to agree to a short sale of the property subject to a mortgage.

## C. Count Three - Fiduciary Duty

The Third Count of the First Amended Complaint alleges that a fiduciary relationship exists between the Estate of Mr. Kralovic and the Defendants, and that the Defendants breached their fiduciary duties of fair dealing and candor, at least in part, by rejecting an offer for sale of the property "that would have avoided foreclosure." According to other allegations in the complaint, the offer for sale would have constituted a "short sale" which would have been a sale of the property for less than what remained owing to the bank on the mortgage.

The Ohio Supreme Court and the Ohio General Assembly have determined that a lender does not owe a consumer a fiduciary duty absent a special relationship or an express agreement. *See Blon v. Bank One Akron, N.A.*, 35 Ohio St.3d 98, paragraph 2 of the syllabus (1988); *Ed Schory & Sons*, 75 Ohio St.3d 433, 442-43 (1996); *Groob v. Keybank*, 108 Ohio St.3d 348, 353(2005); O.R.C. § 1109.15(E)(2014).

Plaintiff contends that Defendants knew that Mr. Kralovic passed away and that his wife was "suddenly placed in a position in which she was forced to rely on the Defendants" that this changed the relationship from a typical borrower/creditor relationship. Further, Mrs. Kralovic contends that Defendants knew she was inexperienced in financial matters and that she relied on them "as one would rely upon an investment advisor." None of the allegations made in the complaint, however, are sufficient to allege the type of special relationship necessary under Ohio law to create a fiduciary relationship between the bank and Mrs. Kralovic as executor of her husband's estate.

There are no allegations that the bank had a fiduciary duty with Mr. Kralovic, and the only legal relationship the bank would had with Mrs. Kralovic, even taking the factual allegations in the Complaint as true, was in her in her capacity as executor of Mr. Kralovic's estate. The bank cannot be transformed into a fiduciary simply because a borrower dies and his executor has no prior experience with the financial matters of the estate. However ill-equipped Mrs. Kralovic may have felt in managing the financial matters of the estate, the bank was not her investment advisor, nor is it alleged to have voluntarily taken on any relationship or duty outside the typical borrower/creditor relationship it maintained with Mr. Kralovic during his lifetime. Further, even if a fiduciary duty could have been established under these circumstances, the alleged failure to

accept a proposed offer for short sale is not a violation of any such duty. Plaintiff has cited, and the Court is aware of no authority that would impose any statutory or fiduciary duty on a bank to accept a short sale on a property that enters default following the death of the borrower. Count Three alleging a breach of fiduciary duty is, therefore, dismissed for failure to state a claim upon which relief may be granted.

## CONCLUSION

For the reasons set forth above Defendants' Motions to Dismiss the First Amended Complaint, (ECF #27, 35), are GRANTED in part and DENIED in part. To the degree set forth above, Count One remains as against Defendant US Bank, and Count Two remains as against Defendant SPS. Count Three is dismissed as against both Defendants. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: January 16, 2015